IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ILLINOIS STATE PAINTERS WELFARE FUND and PAINTERS DISTRICT COUNCIL NO. 58 FRINGE BENEFITS FUNDS,<br><br>    Plaintiffs,<br><br>    v.<br><br>N & R PAINTING COMPANY, INC., NANCY RETHERFORD, Individually and d/b/a/ N & R PAINTING COMPANY, INC., d/b/a N & R PAINTING COMPANY, d/b/a N and R PAINTING COMPANY and d/b/a N & R PAINTING CO., and RALPH F. RETHERFORD, JR., Individually and d/b/a N & R PAINTING COMPANY, INC., d/b/a N & R PAINTING COMPANY, d/b/a N and R PAINTING COMPANY and d/b/a N & R PAINTING CO.,<br><br>    Defendants. | NO. 09-3042 |

<u>ORDER</u>

RICHARD MILLS, U.S. District Judge:

    This case is before the Court on the Plaintiffs' motion for summary judgment.

I.

The Plaintiffs are employee benefit funds administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust and are required to be maintained in accordance with the provisions of the Labor Management Relations Act of 1947 and Employee Retirement Income Security Act of 1975 ("ERISA"). The Plaintiffs provide retirement, health and other benefits to the employees of various employers who make contributions to the Plaintiffs pursuant to collective bargaining and other labor agreements between employers and local labor organizations.

The Defendants are an "Employer" engaged in an industry within the meaning of the provisions of ERISA and employ individuals who are members of and represented by the International Union of Painters and Allied Trades, District Council No. 58 and who are participants in the employee benefit fund administered by the Illinois State Painters Welfare Fund pursuant to labor agreements to which the International Union of Painters and Allied Trades, District Council No. 58 are a party to, including without limitation, a Memorandum of Understanding and Collective

Bargaining Agreement. Pursuant to the Memorandum of Understanding and Collective Bargaining Agreement, the Defendants agreed to make contributions to the Plaintiffs for the benefit of their employees.

Defendant N & R Painting Company, Inc. was involuntarily dissolved on July 1, 2003. Defendants Nancy Retherford and Ralph F. Retherford, Jr. conduct business under the names of N & R Painting Company, Inc., a dissolved corporation, N & R Painting Company, N and R Painting Company and N & R Painting Co.

II.

Pursuant to § 1145 of ERISA, the Defendant is required to make contributions to the Illinois State Painters Welfare Fund in accordance with the terms and conditions of its Restated Agreement and Declaration of Trust. Pursuant to the Memorandum of Understanding, the Collective Bargaining Agreement and the Restated Agreement and Declaration of Trust of the Illinois State Painters Welfare Fund, the Defendants are required to report hours worked by its employees and make prompt payment of the contributions required under the Collective Bargaining Agreement and/or

applicable labor agreements. Pursuant to the Collective Bargaining Agreement and the Restated Agreement and Declaration of Trust of the Illinois State Painters Welfare Fund, the Illinois State Painters Welfare Fund is authorized and empowered to examine the payroll books and records of the Defendants to determine whether the Defendants are making payment of all contributions required under the Memorandum of Understanding, Collective Bargaining Agreement and Restated Agreement and Declaration of Trust of the Illinois State Painters Welfare Fund.

Plaintiff Illinois State Painters Welfare Fund engaged the certified public accounting firm of Romolo and Associates to examine the payroll books and records of the Defendants for the time period of July 1, 2005 through December 31, 2007, in order to determine whether the Defendants are in compliance with their obligations to make payment of all required contributions.

According to the Plaintiffs, the pay-roll audit indicated that the Defendants were delinquent in paying contributions owed to the Plaintiffs. For each employee listed in the Illinois State Painters Audit Report, the

report truly and accurately reflects unreported hours performed by that employee. Each employee identified in the Illinois State Painters Audit Report performed painting work for those hours listed as unreported hours. Each employee performed covered work within the geographical jurisdiction of the Illinois State Painters Welfare Fund. The rates provided in the Illinois State Painters Audit Report truly and accurately reflect the amount of contributions due from the Defendants to the Illinois State Painters Welfare Fund for every hour of covered work performed by employees of the Defendants. The Defendants did not submit contributions to any other union trust fund for the hours worked by each employee listed in the Illinois State Painters Audit Report.

    The audit performed on behalf of Plaintiff Illinois State Painters Welfare Fund disclosed that $360,197.75 in delinquent contributions for the time period of July 1, 2005 through December 31, 2007, is due and owing from the Defendants to this Plaintiff. Pursuant to the terms of the Agreement and Declaration of Trust for the Illinois State Painters Welfare Fund, Defendants owe liquidated damages of 20% of delinquent

contributions due to the Illinois State Painters Welfare Fund. Thus, the Defendants owe the Illinois State Painters Welfare Fund liquidated damages in the sum of $72,039.55 for delinquent contributions for the time period of July 1, 2005, through December 31, 2007. They owe the Illinois State Painters Welfare Fund the sum of $1,471.13 for the cost of having the Illinois State Painters Audit Report prepared.

Plaintiff Painters District Council No. 58 Fringe Benefit Funds has been duly authorized by District Council No. 58 Retirement Fund, Apprenticeship and Training Fund, Labor Management Cooperation Initiative, Central Illinois Builders Industry Advancement Fund and Southern Illinois Construction Advancement Fund to act as agent in the collection of contributions owed to those funds. Pursuant to § 1145 of ERISA, the Defendants are required to make contributions to the Painters District Council No. 58 Fringe Benefit Funds in accordance with certain terms and conditions. The Defendants are required to report hours worked by its employees and make prompt payment of contributions required under the Collective Bargaining Agreement and/or other applicable labor

agreements.

Plaintiff Painters District Council No. 58 Fringe Benefit Funds engaged the certified public accounting firm of Romolo and Associates to examine the payroll books and records of the Defendants for the time period of July 1, 2005, through December 31, 2007. The audit report found the Defendants were delinquent in paying contributions it owed. The report truly and accurately reflects unreported hours performed by each employee listed. Each employee identified in the report performed painting work for those hours listed as unreported hours. The employees performed covered work within the geographical jurisdiction of the Painters District Council No. 58 Fringe Benefit Funds. The rates provided in the report truly and accurately reflect the amount of contributions due from the Defendants for every hour of covered work performed by employees of the Defendants.

The audit performed on behalf of the Painters District Council No. 58 Fringe Benefit Funds disclosed that $201,783.74 in delinquent contributions is due and owing from Defendants to this Plaintiff. Pursuant to the terms of the Collective Bargaining Agreement, the Defendants owe liquidated

damages of 10% of delinquent contributions due to the Painters District Council No. 58 Fringe Benefit Funds. Thus, the Defendants owe the Painters District Council No. 58 Fringe Benefit Funds liquidated damages in the sum of $20,178.37 for delinquent contributions. They owe the Plaintiff $1,523.63 for the cost of having the audit report prepared.

The Plaintiffs have demanded that the Defendants pay the amounts found to be owed to each Plaintiff pursuant to the respective audit reports. The Defendants have failed and/or refuse to pay the amounts found to be owed to each Plaintiff pursuant to the respective audit reports.

III.

The Defendants have not answered, objected or otherwise responded to the Plaintiffs' first request to Defendants for admissions of facts and genuineness of documents, which was served on March 3, 2010. Accordingly, the facts and genuineness of documents sought to be admitted are deemed admitted under Federal Rule of Civil Procedure 36(a)(3).

The Defendants did not file a response to the Plaintiffs' motion for summary judgment. Accordingly, these material facts, which are properly

supported, are deemed admitted by the Defendants. See CDIL–LR 7.1(D)(2)(b)(6). If an opposing party does not properly respond to a motion for summary judgment, then "summary judgment should, if appropriate, be entered against that party." See Fed. R. Civ. P. 56(e)(2); see also CDIL–LR 7.1(D)(2) ("A failure to respond will be deemed an admission of the motion.").

After reviewing the Plaintiffs' motion for summary judgment, the Court concludes that it is properly supported and that the Plaintiffs are entitled to their requested relief.

Ergo, the Plaintiffs' motion for summary judgment [d/e 23] is ALLOWED. Summary judgment is granted in favor of Plaintiffs Illinois State Painters Welfare Fund and Painters District Council No. 58 Fringe Benefit Funds and against Defendants N & R Painting Company, Inc., Nancy Retherford, Individually and d/b/a N & R Painting Company, Inc., d/b/a N & R Painting Company, d/b/a N and R Painting Company and d/b/a N & R Painting Co.; and Ralph F. Retherford, Jr., Individually and d/b/a N & R Painting Company, Inc., d/b/a N & R Painting Company, d/b/a N and

R Painting Company and d/b/a N & R Painting Co., as follows:

A. Judgment is entered in favor of Plaintiff Illinois State Painters Welfare Fund and against the Defendants in the total amount of $433,708.43, which consists of delinquent contributions of $360,197.75, liquidated damages of $72,039.55 and audit costs of $1,471.13;

B. Plaintiff Illinois State Painters Welfare Fund is further awarded its reasonable attorneys' fees and costs in the amount of $6,472.00, as provided by ERISA (29 U.S.C. § 1132(g)(2));

C. Judgment is entered in favor of Plaintiff Painters District Council No. 58 Fringe Benefit Funds and against the Defendants in the total amount of $223,485.74, which consists of delinquent contributions of $201,783.74, liquidated damages of $20,178.37 and audit costs of $1,523.63;

D. Plaintiff Painters District Council No. 58 Fringe Benefit Funds are further awarded their reasonable attorneys' fees and costs in the amount of $12,722.50 as provided by ERISA (29 U.S.C. § 1132(g)(2));

E. The Defendants are further Ordered to perform and continue to perform all obligations to the Plaintiffs;

F. The Defendants are Ordered to pay all costs attendant to these proceedings; and

G. The Plaintiffs are awarded, at Defendants' cost, such further and other relief as may be available under ERISA, the applicable labor agreements or as is otherwise just and equitable.

IT IS SO ORDERED.

ENTER: August 27, 2010

FOR THE COURT:

s/Richard Mills
United States District Judge